**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **KLAUSNER TECHNOLOGIES, INC.,**<br>a New York Corporation | §<br>§<br>§ | |
| **Plaintiff,** | §<br>§ | |
| **vs.** | §<br>§ | **Civil Action No. 6:09-CV-527** |
| **RESEARCH IN MOTION<br>CORPORATION,** a Delaware corporation;<br>**RESEARCH IN MOTION LIMITED,** a<br>Canadian corporation; **MOTOROLA, INC.,**<br>a Delaware corporation, **HTC AMERICA,<br>INC.,** a Texas corporation; **HTC<br>CORPORATION,** a Taiwanese corporation;<br>**YOUMAIL, INC.,** a Delaware corporation; | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **JURY TRIAL DEMANDED** |
| **Defendants.** | §<br>§ | |

**DEFENDANTS RESEARCH IN MOTION CORPORATION AND RESEARCH IN
MOTION, LIMITED'S ANSWER, DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

## I. ANSWER

Defendants Research In Motion Corporation and Research In Motion, Limited (collectively, "RIM"), by and through their undersigned counsel, hereby file their Answer, Defenses, and Counterclaims to Plaintiff's First Amended Complaint for Patent Infringement ("First Amended Complaint"). Each of the paragraphs numbered 1–22 below corresponds to those paragraphs numbered 1–22 in the First Amended Complaint. RIM denies each and every allegation made by Plaintiff Klausner Technologies, Inc. ("Klausner") in the First Amended Complaint, whether express or implied, that is not specifically admitted below:

**Introduction**

1.    RIM denies infringing or contributing to or inducing infringement of the '576 and '818 patents.  RIM lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in this paragraph, and therefore denies the same.

**Jurisdiction and Venue**

2.    RIM admits that this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a), but RIM denies infringement, denies that Klausner is entitled to any relief, and denies the merits of the cause of action.

3.    RIM admits that its products have been sold in the Eastern District of Texas, but denies that it has committed or contributed to any acts of infringement in this District or that Klausner is entitled to any relief.  RIM denies that there is no clearly more convenient venue.

**Plaintiff Klausner Technologies**

4.    RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

**The '576 Patent**

5.    RIM admits that the face of the '576 patent indicates that the patent was issued on November 5, 1996.  RIM lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies the same.

**The '818 Patent**

6.    RIM admits that the face of the '818 patent indicates that the patent was issued on February 1, 1994.  RIM lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies the same.

**Defendants**

***RIM***

7.    Research In Motion Corporation's principle place of business is at 122 W. John Carpenter Pkwy., Suite 430, Irving, Texas 75039. The remainder of the paragraph is admitted.

8.    Research In Motion, Limited is organized and exists under the laws of Canada, with its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8. The remainder of the paragraph is admitted.

***Motorola***

9.    RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

***HTC***

10.    RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

11.    RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

***YouMail, Inc.***

12.    RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

**First Claim for Alleged Patent Infringement ('576 Patent)**

13.    RIM admits that the face of the '576 patent indicates that the patent was issued on November 5, 1996 and is entitled "Telephone Answering Service Linking Displayed Data with Recorded Audio Message." RIM denies that the '576 patent was duly and legally issued.

14. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

15. Denied.

16. Denied.

**Second Claim for Alleged Patent Infringement ('818 Patent)**

17. RIM incorporates by reference its responses in paragraphs 1-16 above as if fully repeated here.

18. RIM admits that the face of the '818 patent indicates that the patent was issued on February 1, 1994 and is entitled "Telephone Answering Service Linking Displayed Data with Recorded Audio Message."  RIM denies that the '818 patent was duly and legally issued.

19. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

20. Denied.

21. Denied.

**Jury Demand**

22. This averment does not require a response.

**Prayer**

To the extent a response is necessary, RIM denies that it has infringed and/or induced or contributed to the infringement of the patents-in-suit, literally or by equivalents, and RIM denies that Plaintiff is entitled to any of the relief it requests in paragraphs A-E of its Prayer for Judgment.

## II.  ADDITIONAL DEFENSES

RIM reserves the right to assert any other defenses that discovery may reveal.

**First Additional Defense (Failure to State a Claim)**

23.   The First Amended Complaint fails to state a claim upon which relief can be granted because RIM has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights belonging to Klausner.

**Second Additional Defense (Invalidity)**

24.   One or more claims of U.S. Patent Nos. 5,572,576 and 5,283,818 (collectively, the "Asserted Patents") are invalid for failure to meet one or more provisions of the United States patent laws, 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

**Third Additional Defense (Non-Infringement)**

25.   RIM does not and has not infringed any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents, either directly, indirectly, contributorily, or by inducement.

**Fourth Additional Defense (License)**

26.   On information and belief, Klausner's claims are barred because RIM's products and/or services are covered by licenses under the Asserted Patents.

**Fifth Additional Defense (Exhaustion/Implied License)**

27.   On information and belief, Klausner's claims are barred by the doctrines of patent exhaustion and/or implied license.

**Sixth Additional Defense (Prosecution History Estoppel)**

28.   The doctrine of prosecution history estoppel precludes a finding of infringement of any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents, either directly, indirectly, contributorily, or by inducement.

**Seventh Additional Defense (Failure to Give Proper Notice)**

29.   On information and belief, Klausner's claims are barred, in whole or in part, based on failure to comply with 35 U.S.C. § 287(a).

**Eighth Additional Defense (Laches/Estoppel/Waiver)**

30.   On information and belief, some or all of Klausner's claims are barred, in whole or in part, by the doctrines of laches, equitable estoppel, and/or waiver.

**Ninth Additional Defense (Costs Unavailable)**

31.   On information and belief, Klausner is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

**Tenth Additional Defense (Injunctive Relief Unavailable)**

32.   Klausner is not entitled to injunctive relief because any alleged injury to Klausner is not immediate or irreparable, and Klausner has an adequate remedy at law.

**Eleventh Additional Defense (Unclean Hands)**

33.   On information and belief, Klausner's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Twelfth Additional Defense (28 USC § 1498)**

34.   On information and belief, Klausner's claims are barred, in whole or in part, by 28 U.S.C. § 1498.


### III.  RIM'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY

Without admitting any of the allegations of the First Amended Complaint other than those expressly admitted herein, and without prejudice to RIM's right to plead additional

counterclaims as the facts of the matter warrant, RIM hereby asserts the following counterclaims against Klausner:

### The Parties

35.   Research In Motion, Limited is organized and exists under the laws of Canada, with its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

36.   Research In Motion Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 122 W. John Carpenter Pkwy., Suite 430, Irving, Texas 75039.

37.   On information and belief, Klausner claims to be a corporation existing under and by virtue of the laws of the State of New York.

38.   Klausner alleges that it is the assignee and continues to hold all rights and interest in U.S. Patent Nos. 5,572,576 and 5,283,818 (collectively, the "Asserted Patents"), including the right to sue for infringement, recover past damages, and be awarded injunctive relief.

### Jurisdiction and Venue

39.   By filing the First Amended Complaint, Klausner has consented to the personal jurisdiction of this Court.

40.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

41.   In view of the filing by Klausner of this suit and RIM's defenses, there exists an actual and justiciable controversy between the parties regarding the validity, enforceability, and alleged infringement of the Asserted Patents by RIM.

42.   Subject matter jurisdiction is proper under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent Laws of the United States, 35 U.S.C. § 100 et seq., concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

**FIRST CLAIM FOR RELIEF:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE ASSERTED PATENTS**

43.   RIM incorporates by reference paragraphs 35–42 above as though fully repeated here.

44.   The claims of the Asserted Patents are invalid for failure to meet one or more provisions of the United States patent laws, 35 U.S.C. 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

**SECOND CLAIM FOR RELIEF:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF THE ASSERTED PATENTS**

45.   RIM incorporates by reference paragraphs 35–44 above as though fully repeated here.

46.   RIM does not and has not infringed any valid and enforceable claim of any of the Asserted Patents, either literally or under the doctrine of equivalents, either directly, indirectly, contributorily, or by inducement.

**THIRD CLAIM FOR RELIEF:**
**DECLARATORY JUDGMENT OF PATENT EXHAUSTION, LACHES,**
**AND/OR LICENSE**

47.   RIM incorporates by reference paragraphs 35–46 above as though fully repeated here.

48.   Klausner's claims are barred in whole or part by the doctrine of patent exhaustion, by the equitable doctrine of laches, or because RIM's products and/or services are covered by licenses under the Asserted Patents.

**IV.  REQUEST FOR RELIEF**

Wherefore, RIM respectfully requests that the Court grant it the following relief:

A.      judgment for RIM on all counts set forth in Klausner's First Amended Complaint for Patent Infringement, dismissing Klausner's claims for relief in their entirety, with prejudice and costs;

B.      declaratory judgment that the claims of the Asserted Patents are invalid;

C.      declaratory judgment that RIM does not and has not infringed any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents, either directly, indirectly, contributorily, or by inducement;

D.      declaratory judgment that Klausner's claims are barred by the doctrine of patent exhaustion, by the equitable doctrine of laches, or because RIM's products and/or services are covered by licenses under the Asserted Patents;

E.      a declaration that this case is exceptional in favor of RIM;

F.      an award of costs and attorney's fees to RIM; and

G.      such other and further relief in favor of RIM as this Court deems just and appropriate.

## **JURY DEMAND**

Research In Motion Corporation and Research In Motion, Limited demand a trial by jury on all issues so triable.

Dated: <u>March 11 , 2011</u>                           Respectfully submitted,


<u>/s/ *William L. LaFuze*            </u>
William L. LaFuze
Attorney-in-Charge
Texas Bar No. 11792500
Amos Olubunmi
Texas Bar No. 24052280
**VINSON & ELKINS L.L.P.**
First City Tower
1001 Fannin Street, Suite 2500
Houston, TX  77002-6760
Telephone:  713.758.2595
Facsimile:  713.615.5317
<u>wlafuze@velaw.com</u>
<u>aolubunmi@velaw.com</u>

David Weaver
Texas Bar No. 00798576
Ajeet P. Pai
Texas Bar No. 24060376
**VINSON & ELKINS L.L.P.**
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Telephone:  512.542.8635
Facsimile:  512.236.3256
<u>dweaver@velaw.com</u>
<u>apai@velaw.com</u>

Harry Lee Gillam, Jr.
Texas Bar No. 07921800
**GILLAM & SMITH**
303 S. Washington Avenue
Marshall, TX 75670
Telephone: 903.934.8450
Facsimile: 903.935.9257
<u>gil@gillamsmithlaw.com</u>


**ATTORNEYS FOR RESEARCH IN
MOTION CORPORATION AND
RESEARCH IN MOTION, LIMITED**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing document to be served on all counsel of record who are deemed to have consented to service on this 11th day of March, 2011, by filing the foregoing document via the CM/ECF system of the Eastern District of Texas.

/s/ *William L. LaFuze*
William L. LaFuze

US 412245v.6